IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 15-cv-01973-MSK-KLM

CENTURYLINK, INC.,

Plaintiff,

v.

ALPINE AUDIO NOW, LLC,
TELARIS ENHANCED SERVICES, LLC, and
BLUETONE COMMUNICATIONS, LLC,

Defendants.

---

## STIPULATED PROTECTIVE ORDER (*proposed*)[1]

---

Upon a ~~showing of good cause in support~~ request of the parties for of the entry of a protective order to protect the discovery and dissemination of competitively sensitive, proprietary, and confidential information that may be utilized and sought in this case, IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" or "Attorneys' Eyes Only" shall be information that contains proprietary, confidential and/or commercially sensitive information,

---

[1] This proposed stipulated protective order is modeled after the form of order set forth in *Gillard v. Boulder Valley Sch. Dist. Re-2*, 196 F.R.D. 382 (D. Colo. 2000).

which is not available to the public, including but not limited to, agreements, contracts, trade data, research and development documents, customer identity and lists, pricing and rate structures or lists, and computer software programs in source code or object code. CONFIDENTIAL or "Attorneys' Eyes Only" information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.     CONFIDENTIAL or "Attorneys' Eyes Only" documents, materials, and/or information (collectively "CONFIDENTIAL or Attorneys' Eyes Only information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) inside and outside counsel to the entity parties who are actively working on this case;

(b) persons employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) designated representatives of the entity parties, unless the designation is "Attorneys' Eyes Only";

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5.     "Attorneys' Eyes Only" information shall not be disclosed in any form to any representatives of the entity parties, other than to the entity parties' attorneys who are counsel of record and actively working on this case.

6.      Prior to disclosing any CONFIDENTIAL or "Attorneys' Eyes Only" information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached as Exhibit A to this Protective Order, stating that he or she has read this Protective Order and agrees to be bound by it.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.      Documents are designated as CONFIDENTIAL or "Attorneys' Eyes Only" by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Unless otherwise agreed between the parties or otherwise permitted under this Order, the identification and designation of CONFIDENTIAL or "Attorneys' Eyes Only" information shall be made at the time when the information is produced.

8.      Whenever a deposition involves the disclosure of CONFIDENTIAL or "Attorneys' Eyes Only" information, the deposition or portions thereof shall be designated as CONFIDENTIAL or "Attorneys' Eyes Only" and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or "Attorneys' Eyes Only" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.      Nothing in this Protective Order shall prohibit a Party, or its counsel, from disclosing a document designated as CONFIDENTIAL or "Attorneys' Eyes Only" to the author

or recipient of the document, or to a person who was or is an officer, employee, or director of the same company as the author or recipient at the time it was sent or received.

10.    If filed with the Court, all papers, documents, and transcripts containing or revealing the substance of CONFIDENTIAL or "Attorneys' Eyes Only" information shall be filed in accordance with D.C.COLO.LCivR 7.2, and therefore shall be filed as restricted Level 1 documents.    It shall be the responsibility of the Party that designated the information CONFIDENTIAL or "Attorneys' Eyes Only" to file the Motion to Restrict Access required by D.C.COLO.LCivR 7.2.

11.    If, through inadvertence, a party provides any material containing CONFIDENTIAL or "Attorneys' Eyes Only" information without designating the material as such, whether by document production or deposition testimony, the party may subsequently inform the receiving party in writing of the CONFIDENTIAL or "Attorneys' Eyes Only" information status of the material and designate it as CONFIDENTIAL or "Attorneys' Eyes Only."    The parties shall thereafter treat the disclosed material as CONFIDENTIAL or "Attorneys' Eyes Only" information in accordance with the written notification of the inadvertent disclosure.    The parties shall take reasonable steps to advise persons to whom disclosure was made prior to receipt of a CONFIDENTIAL or "Attorneys' Eyes Only" information designation of such designation and of this Order.

12.    A party may object to the designation of particular CONFIDENTIAL or "Attorneys' Eyes Only" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as

CONFIDENTIAL or "Attorneys' Eyes Only" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or "Attorneys' Eyes Only" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or "Attorneys' Eyes Only" and shall not thereafter be treated as CONFIDENTIAL or for "Attorneys' Eyes Only" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or "Attorneys' Eyes Only" shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or "Attorneys' Eyes Only."

13.    If, through inadvertence, a party provides any material containing information protected by the attorney-client privilege, work-product doctrine, or similar doctrine, the producing party shall, promptly upon discovering such documents were inadvertently produced, notify the receiving party of the inadvertent production, identify all inadvertently produced documents, and request that the receiving parties return or destroy all copies of such documents. Upon receipt of such notice, the receiving party shall immediately return or destroy all copies of the inadvertently produced documents without reviewing them. Alternatively, if the receiving party believes in good faith that the documents were not produced inadvertently and/or are not privileged, the receiving party may sequester the documents (*i.e.*, store them in a secure location where they will not be reviewed) while the parties follow the same procedures set forth above regarding disputes over the designation of CONFIDENTIAL or "Attorneys' Eyes Only" information.

14.     CONFIDENTIAL or "Attorneys' eyes information" shall not include information or documents that are or become, without violating this Order and apart from production or disclosure in this litigation, a matter of public record or publicly available by law or otherwise, or that was already lawfully in the possession of the Party and was not acquired under any obligation of confidentiality.

15.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or "Attorneys' Eyes Only" shall be returned to the party that designated it CONFIDENTIAL or "Attorneys' Eyes Only", or the parties may elect to destroy CONFIDENTIAL or "Attorneys' Eyes Only" documents. Where the parties agree to destroy CONFIDENTIAL or "Attorneys' Eyes Only" documents, the destroying party shall provide all parties with a statement confirming the destruction.

16.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this _12_ day of _January_ , 2016.

BY THE COURT:

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 15-cv-01973-MSK-KLM

CENTURYLINK, INC.,

Plaintiff,

v.

ALPINE AUDIO NOW, LLC,
TELARIS ENHANCED SERVICES, LLC, and
BLUETONE COMMUNICATIONS, LLC,

Defendants.

**ACKNOWLEDGEMENT OF RECEIPT OF CONFIDENTIAL MATERIAL**

I, _____, declare under the penalty of perjury, that:

(a)     My present residential address is _____;

(b)     My present employer is _____ and the

address of my present employer is _____

_____;

(c)     My present occupation or job description is _____;

(d)     I have received and carefully read the Stipulated Protective Order dated

_____, and understand its provisions. Specifically, I understand that I am obligated,

under the Order of the Court, to hold in confidence and not to disclose the contents of anything

marked "CONFIDENTIAL" or "Attorneys' Eyes Only" except as permitted under the terms of

this Protective Order. I will use the CONFIDENTIAL or "Attorneys' Eyes Only" information

solely for purposes relating to the above-captioned litigation and will not use said information,

directly or indirectly, in competition with the Designating Party. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e)     At the termination of this Action or at any time requested by counsel, I will return to counsel for the party by whom I am employed, all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting CONFIDENTIAL or "Attorneys' Eyes Only" information, which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

(f)     I understand that I am subject to the jurisdiction of this Court for the purposes of enforcing this Order, and I further understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Designating Party.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.


Date: _____          _____

                                            Printed: _____

                                            Declarant: _____