IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01973-MSK-KLM

CENTURYLINK, INC.,

    Plaintiff,

v.

ALPINE AUDIO NOW, LLC,
TELARIS ENHANCED SERVICES, LLC, and
BLUETONE COMMUNICATIONS, LLC,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff CenturyLink, Inc.'s Unopposed Motion for Entry of Preservation Order and to Obtain Expedited Discovery Regarding Defendant Telaris Enhanced Services, LLC** [#37][1] (the "Motion"). The Motion is unopposed by Defendants Alpine Audio Noa, LLC and Bluetone Communications, LLC. The Motion seeks entry of an order requiring that Defendant Telaris Enhanced Services, LLC ("Telaris") and associated individuals and entities preserve documents and other materials relevant to the lawsuit, including those described in Exhibit 9 [#37-9]. *Motion* [#37] at 18. The Motion also asks permission to serve subpoenas on individuals and entities pursuant to Fed. R. Civ. P. 26(d)(1), prior to the Fed. R. Civ. P. 26(f) conference.

---

[1] "[#37]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Order.

*Id.*

## I. Background

In this case, Plaintiff alleges that Defendant Telaris, a provider of dedicated switched voice telecommunications services, and an underlying telecommunications carrier for Defendant Bluetone inflated its bills to Plaintiff. *Compl.* [#1] ¶¶ 4, 17. In short, Plaintiff alleges that Defendant Telaris routed certain long-distance telephone calls to servers in one location while reporting to Plaintiff that the calls terminated in a different location, "thereby artificially inflating the number and duration of calls routed through [Defendants] Bluetone and Telaris, and causing [Plaintiff] CenturyLink to overpay [Defendants] Bluetone and Telaris accordingly." *Id.* ¶ 24.

As noted in the Motion, on October 9, 2015, the Clerk of the Court entered default [#17] as to Defendant Telaris.

## II. Analysis

Pursuant to Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless authorized by a court order or agreement of the parties or when otherwise allowed under the Rules of Civil Procedure. A court order allowing expedited discovery will issue only upon a showing of good cause. *Qwest Comm's Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Pod-ners, LLC v. N. Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002).

With regard to Plaintiff's request for a preservation order, the Courts "must exercise restraint in using [its] inherent authority to issue preservation orders." *Bright Solutions for Dyslexia, Inv. v. Doe 1*, 15-cv-01618-JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2,

2015) (citation omitted). Before a preservation order is entered, the movant must show that there is a significant concern that potentially relevant evidence will be destroyed causing harm to the opposing party. *See id.* (citations omitted). In determining whether a preservation order is necessary, courts have considered:

> (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved.

*Id.* (citations omitted); *Daniel v. Coleman Co.*, No. 06-5706 KLS, 2007 WL 146312, at *2 (W.D. Wash. May 17, 2007).

Here, Plaintiff argues that relevant evidence may be destroyed because Defendant Telaris dissolved in response to Plaintiff's filing of the instant lawsuit. *Motion* [#37] at 7. Plaintiff provides documentation regarding Telaris' status, including a declaration of one of Plaintiff's attorneys describing a conversation he had with Telaris' counsel stating that the entity had dissolved. *See Motion, Ex. 10* [#37-10] ¶ 2 ("Mr. Josephson also stated that TES had dissolved, and he expected to have difficulty collecting his unpaid legal bills from TES."). As Plaintiff argues, "[a] dissolved LLC is unlikely to retain its records indefinitely, particularly when [Telaris's] practice was apparently to delete records after just 28 days while it was still in operation." *Motion* [#37] at 7 (citing to *Motion, Ex. 6* (Declaration of Michelle Balke)). Plaintiff also provides information showing that Defendant Telaris' attorney registered a new entity, Telaris Communications LLC, with the North Carolina Secretary of State on July 29, 2015, *Motion, Ex. 14* [#37-14], with a street address at the same location as the registered address of the now-dissolved Defendant. *See Motion, Ex. 3*

[#37-3].

With regard to the nonparties named in the Motion, Plaintiff provides documents to establish their relationships to Defendant Telaris. Mr. Bradish and Mr. Engbers were the CEO and President of Defendant Telaris. *Id.* In addition, Mr. Lammert is a CPA who prepared Defendant Telaris' taxes. *Motion, Ex. 5* [#37-5]. Sterling Business Law is Telaris' attorney, Mr. Josephson's, law firm. *Motion, Ex. 8* [#37-8]. According to Plaintiff, Mr. Dempsay was Defendant Telaris' Vice President of Operations. *Motion* [#37] at 15. Mangrove Holdings, LLC is an entity owned by Mr. Bradish that was a shareholder of Defendant Telaris. *Motion, Ex. 1* [#37-1]. Finally, Telaris Communications Group was Defendant Telaris' parent corporation. *Motion, Ex. 2* [#37-2]. The relationships between these individuals and entities and Defendant Telaris make it likely that they may have relevant documents or other materials.

The Court finds that entry of a preservation order is appropriate because Defendant Telaris' dissolution makes it likely that relevant evidence may be destroyed or lost. These documents go to the heart of Plaintiff's allegations about the business practices of Defendant Telaris. Further, there is no reason to believe that Defendant Telaris or the related individuals and entities are unable to preserve any relevant materials. With regard to the nonparties, "[t]he need for such [an] order is all the more pressing . . . where the entities that have the information Plaintiff[ ] need[s] are not parties and thus have no duty to preserve absent a court order." *Bright Solutions*, 2015 WL 5159125, at *3.

With regard to Plaintiff's request for early discovery, good cause exists where the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Qwest*, 213 F.R.D. at 419; *see also*

4

*Arista Records LLC v. Does 1-20,* No. 05-cv-02144-WDM-PAC, 2005 WL 3776346, at *1 (D. Colo. Nov. 7, 2005); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party"). Here the Court does not find that service of subpoenas prior to the Rule 26(f) conference is necessary. *See Liberty Media Holdings, LLC v. Gan*, No. 11-cv-02754-MSK-KMT, 2012 WL 1015799, at *2 (D. Colo. Mar. 23, 2012) (denying request to serve subpoenas on non-parties prior to Rule 26(f) conference). There are instances when early discovery of information is necessary for a lawsuit to move forward; for example, when an individual defendant cannot be named because his identity is unknown and discovery from a nonparty is needed to determine the defendant's identity*. See, e.g., Good Man Prods., Inc. v. Doe*, No. 14-cv-03224-WYD-MEH, 2015 WL 1004575, at *1 (D. Colo. Mar. 3, 2015) (ordering limited early discovery from defendant's internet service provider to identify defendant). However, in this case Plaintiff is not seeking information that will allow it to identify unknown parties. Further, Plaintiff does not argue that any of the nonparties are likely to flee or otherwise be unavailable once discovery commences. Finally, to the extent that Plaintiff would like to serve subpoenas on nonparties prior to the Rule 26(f) conference "to ensure no relevant materials are lost, destroyed, or otherwise disposed of . . .," *Motion* [#37] at 5, the preservation order will protect against the loss of relevant materials.

### III. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#37] is **GRANTED in part** and **DENIED in part** as discussed about. Accordingly,

IT IS FURTHER **ORDERED** that Defendant Telaris; Christopher Bradish; Eric Engbers; Derek Dempsay; Philip Josephson; Sterling Business Law; Mark Lammert; Telaris Communications LLC; Telaris Communications Group, LLC; and Mangrove Holdings, LLC shall preserve all materials relevant to this lawsuit, including those described in the Motion and Exhibit 9 to the Motion.

IT IS FURTHER **ORDERED** that Plaintiff shall serve this Order on each of the nonparties and file a Certificate of Service reflecting such service.

Dated: January 15, 2016

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge